JiSCHOTT, Chief Judge.
On the application of Farmers Insurance Exchange we grant certiorari in order to consider the validity of a judgment of the trial court denying relator’s motion for a summary judgment. Plaintiff, Sherald Daniels, alleged that relator was the liability insurer of the defendant, Judith Karen Jenkins, under a policy relator issued to Jenkins’ father. Relator moved for summary judgment on the ground that there was no coverage under the policy. The trial court in denying the motion found that there were genuine issues of material fact precluding summary judgment. Finding that there are none, we reverse.
The accident happened on January 25, 1995. Jenkins was driving an automobile owned by J. Scott Stanley with whom she was living in New Orleans. Relator had issued an automobile insurance liability policy to Jenkins’ parents who lived in Little Rock, Arkansas. Relator contests coverage on the basis that Jenkins does not meet the definition in the policy of a “family member” so as to qualify as an insured person under the policy, and, even if she were a family member, coverage was excluded because she was using an automobile which was available for her regular use.
In her deposition, Jenkins testified that she lived in Arkansas with her parents until August 1992 when she moved into a residence in Arkansas with fther boy friend, Mr. Winter, and she married him in September 1992. In February 1994 they separated, and he moved out of the residence. A couple of months later, Mr. Stanley moved in with her, and in May 1994 they moved to New Orleans. When her deposition was taken in November 1997 they were still living together in New Orleans and were planning to be married in April 1998. Asked about her intention when she moved out of her parents’ home, she answered unequivocally that she never intended to return to her parents’ house. This is a typical situation of a person who has grown up and leaves her parents’ home to get married and have her own life. To conclude that she was still a resident of her parents’ household in Arkansas in January 1995 after she left to get married in August 1992, never returned, and in fact maintained her residence first with Winter and next with Stanley would be absurd. The fact that she still uses her parents’ address for mailing purposes in some instances does not create genuine issues of material fact.
However, if we assume for the sake of argument that she could have been a resident of her parents’ household when the *364 accident happened, the question is whether she was excluded from coverage. The policy excludes coverage for injury or damage “arising out of the ... use of any vehicle other than (the) insured car, which is ... available for regular use by ... a family member.” In her deposition Jenkins testified that she did not have to get Stanley’s permission to use his car, she “just took the keys and got in the car ... (t)ypically I was the chauffeur and I gave him rides in his car. I ran all the errands. I bought all the groceries. I took the dogs to the vet. I used the car more than he did.” Asked whether she was doing things for him, she answered, “I was doing things for us.” Clearly this car was available for Jenkins’ regular use. Plaintiffs argue that Stanley used the car when he had to and they state that she took the street car when he required the use of the car. In fact, she testified in answer to the question of whether she took the street ear that she did so “veryhrarely.” Of course Stanley used the car when he had to, but it would be once again absurd to conclude that this automobile was not available for Jenkins’ regular use. Regular use does not mean exclusive use, and the policy does not require availability for exclusive use for the policy exclusion to apply.
We have concluded that the plain and unambiguous language of the policy excludes coverage based upon the uncontradicted material facts provided in the deposition of Jenkins herself, and the trial court erred in denying relator’s motion for summary judgment. Accordingly, the judgment of the trial court is reversed and set aside, the motion for summary judgment is granted and plaintiffs’ suit against Farmers Insurance Exchange is dismissed.

REVERSED AND RENDERED.

MURRAY, J., dissents.